NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4703
_____

UNITED STATES OF AMERICA

v.

JOHN HILL,

Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-08-cr-00347-001)
District Judge:  Honorable Michael M. Baylson
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 20, 2012

Before:  RENDELL, FISHER and CHAGARES, *Circuit Judges*.

(Filed: April 27, 2012)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

John Hill appeals from a judgment of conviction and sentence in the U.S. District

Court for the Eastern District of Pennsylvania.  He claims that the District Court erred by

imposing a sentence above the Guidelines range without following proper sentencing

procedures. We agree, and for the reasons stated below we will vacate his sentence and remand for resentencing.

I.

We write principally for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

On June 4, 2008, John Hill ("Hill") and his brother, James Hill, were arrested for the June 26, 2007 armed robbery of Ten Styles for Men Shop in Philadelphia, Pennsylvania. On June 12, 2008, a grand jury returned a multi-count indictment, charging the Hill brothers with conspiracy to interfere with interstate commerce by robbery, in violation of 18 U.S.C. § 1951(a) (Count One); interference with interstate commerce by robbery, and aiding and abetting, in violation of 18 U.S.C. § 1951(a) and 2 (Count 2); and using and carrying a firearm during a crime of violence, and aiding and abetting, in violation of 18 U.S.C § 924(c)(1) and 2 (Count Three).

On November 23, 2010, John Hill entered a plea of guilty to all charges pursuant to a plea agreement. Hill generally waived his rights to appeal, but retained the right to appeal where he claimed, *inter alia*, that the District Court erroneously departed upwards or imposed an unreasonable sentence above the Sentencing Guidelines range.

At sentencing on December 16, 2010, the District Court found that Hill's offense level was 19, based on the computations in the Presentence Investigation Report ("PSR").

2

The PSR stated that Hill's base offense level for a violation of 18 U.S.C. § 1951(a) under U.S.S.G. § 2B3.1 was 20. The PSR then computed a three-level decrease for early acceptance of responsibility, under U.S.S.G. § 3E1.1(a) and (b), and two-level increase for physically restraining the victims, under U.S.S.G. § 2B3.1(b)(4)(B), yielding an adjusted offense level of 19. The government acknowledged at sentencing that the PSR incorrectly stated that Hill was a career offender. Accordingly, the District Court found that the PSR should be revised, and calculated Hill's criminal history category as V, but it did not calculate the applicable Guidelines range.

Next, the government moved for a one-level downward departure for substantial assistance under U.S.S.G. § 5K1.1. The District Court approved the government's motion, but did not calculate the resulting Guidelines range. Finally, the District Court heard arguments from each of the parties, and then sentenced Hill to 96 months' imprisonment on Counts One and Two, to be served concurrently, and to 84 months on Count Three to be served consecutively, for a total term of 180 months. The District Court also sentenced Hill to a five-year term of supervised release, and imposed a fine of $5,000, restitution of $2,225, and a special assessment of $300. Hill timely appealed on December 20, 2010.

## II.

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District

Court's interpretation of the Sentencing Guidelines, and review factual findings for clear error. *United States v. Grier*, 475 F.3d 556, 570 (3d Cir. 2007) (en banc). We review sentences for both procedural and substantive reasonableness, applying an abuse of discretion standard. *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc). We need not consider the government's argument that Hill failed to preserve the issue of procedural reasonableness, because even under a plain error standard of review we would reverse.

## III.

District courts must follow a three-step process at sentencing. First, "the court calculates the applicable Guidelines range." *United States v. Wright*, 642 F.3d 148, 152 (3d Cir. 2011) (citing *Tomko*, 562 F.3d at 567). Second, "the court considers any motions for departure and, if granted, states how the departure affects the Guidelines calculation." *Id*. (citing *Tomko*, 562 F.3d at 567). Third, "the court considers the recommended Guidelines range together with the statutory factors listed in 18 U.S.C. § 3553(a) and determines the appropriate sentence, which may vary upward or downward from the range suggested by the Guidelines." *Id*. (citing *Tomko*, 562 F.3d at 567).

A district court commits "significant procedural error" if it "fail[s] to adequately explain the chosen sentence [such as failing to] includ[e] an explanation for a[] deviation from the Guidelines range." *Tomko*, 562 F.3d at 567 (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)). "[D]istrict courts should be careful to articulate whether a sentence

4

is a departure or a variance from an advisory Guidelines range." *United States v. Brown*, 578 F.3d 221, 226 (3d Cir. 2009) (quoting *United States v. Vampire Nation*, 451 F.3d 189, 198 (3d Cir. 2006)).

Here, the District Court committed significant procedural error when it sentenced Hill to 96 months on Counts One and Two without explaining how it arrived at the sentence or why it deviated from the Guidelines range.[1] Pursuant to the first step in the sentencing procedure, the District Court should have calculated Hill's Guidelines range to be 57 to 71 months, based on an adjusted offense level of 19 and a criminal history category of V. However, the District Court failed to calculate any initial Guidelines range at all.

Furthermore, the District Court failed to calculate how departures affected the Guidelines calculation, so that we must speculate as to its reasoning. The one-level downward departure the District Court granted under § 5K1.1 should have yielded a Guidelines range of 51 to 63 months. However, the District Court also imposed the equivalent of a five-level upward departure without explaining if it was applying an upward departure pursuant to U.S.S.G. § 4A1.3 or an upward variance pursuant to § 3553(a). It merely stated that "[Hill's] criminal history is not fully recognized by the applicable Sentencing Guideline," a statement which does not clarify which procedure it used. Furthermore, the application of either procedure in this case required a more

_____

[1] The consecutive sentence of 84 months on Count Three is not at issue, because 84 months was the mandatory minimum.

5

thorough justification than the conclusory one the District Court supplied. If the District Court departed upward under § 4A1.3, it should have "ratcheted" up, by "determin[ing] which category . . . best represents the defendant's prior criminal history" and then "proceed[ing] sequentially through these categories." *United States v. Hickman*, 991 F.2d 1110, 1114 (3d Cir. 1993).[2] If the District Court instead applied a variance, as it stated in the statement of reasons appended to the judgment, it should have explained why it "deviated significantly from the Guidelines" and given "a thorough justification of the sentence," including its consideration of "the need to avoid unwarranted sentencing disparities among similarly situated individuals" under § 3553(a). *United States v. Negroni*, 638 F.3d 434, 446 (3d Cir. 2011). The District Court did neither.

In sum, we are left "unable to review the procedural and substantive bases of the sentence—[which] is an error that is plain, that affects the substantial rights of the parties, and that could seriously affect the fairness, integrity or public reputation of judicial proceedings." *United States v. Fumo*, 655 F.3d 288, 309 (3d Cir. 2011) (internal quotation marks and citation omitted). We will vacate the sentence on the basis of these significant procedural errors, and need not reach the issue of substantive reasonableness. *See Tomko*, 562 F.3d at 567.

---

[2] It also should have given "reasonable notice that it [wa]s contemplating such a departure" pursuant to Federal Rule of Criminal Procedure 32(h).

6

## IV.

For the foregoing reasons, we will vacate the sentence and remand for resentencing.